UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CV-61040-Zloch-Snow

**DANIEL TURNER**

    Plaintiff,

v.

**CREATIVE HOSPITALITY VENTURES, INC.**

    Defendant.

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION TO STAY PROCEEDINGS

COMES NOW, the Plaintiff, DANIEL TURNER, on behalf of himself and those similarly situated, by and through the undersigned counsel, hereby submits his Memorandum of Law in Opposition to Defendant's Motion For Summary Judgment, or in the Alternative, Motion to Stay Proceedings [DE 15] and states as follows:

**I. INTRODUCTION**

This litigation arises out of Defendant's violation of § 113 of the Fair and Accurate Credit Transactions Act (hereinafter as "FACTA"), 15 U.S.C. § 1681c(g). Congress enacted FACTA to combat identity theft by reducing the chance that a consumer would be injured by virtue of the inclusion of sensitive information on a credit/debit card receipt. *See* <u>Grabein v. 1-800-Flowers.com, Inc.</u>, 2008 WL 343179, *3 (S.D. Fla. Jan. 29, 2008).[1]

FACTA makes it illegal for a merchant to print more than the last 5 digits of the card number or the expiration date of said card upon any receipt provided to a cardholder at the point of sale of a credit card transaction. *See* 15 U.S.C. § 1681(c)(g); <u>Ehrheart v. Lifetime Brands,</u>

---

[1] FACTA was an amendment to and is part of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*

Inc., 498 F. Supp. 2d 753, 755 (E.D. Pa. 2007) ("FACTA ... created a right to electronically printed receipts that truncate the consumer's credit card number and which do not print the expiration date of the consumer's credit card."). Defendant violated FACTA § 113 by providing Plaintiff with an electronically generated credit card receipt, at the point of sale, that contained the credit card's expiration date. (Compl. ¶ 15.) The Complaint asserts a single cause of action, alleging that Defendant negligently and willfully violated § 113 of FACTA, and it seeks actual damages, statutory damages, and injunctive relief to remedy Defendant's violation. Defendant has moved for Summary Judgment, or in the alternative, to stay the proceedings, arguing that FACTA is unconstitutional as applied to the Defendant's alleged conduct, and that in the alternative, this Court should stay this action pending the United States Court of Appeals for the Eleventh Circuit's resolution of an appeal dealing with this constitutional issue. As explained in detail below, these arguments cannot withstand scrutiny.

## II. ARGUMENT

A.   **The _Grimes_ Decision is Non-Precedential and Non-Binding on This Court.**

The Defendant attempts to influence this Court's independent exercise of its own judgment by citing a non-precedential and non-binding district court decision from the State of Alabama, Grimes v. Rave Motion Pictures Birmingham, LLC, 2008 WL 2333813 (N.D. Ala. May 28, 2008). As discussed below, the Court in Grimes, holding that the statutory damages provision is unconstitutional is clearly contrary to the application of 15 U.S.C. § 1681n(a)(1)(A) given by federal courts and juries since 1970 when the Fair Credit Reporting Act was enacted. See, e.g., Nagle v. Experian Information Solutions, Inc., 297 F3d. 1305 (11th Cir. 2002). Furthermore, Defendant incorrectly states that 15 U.S.C. § 1681n is unconstitutional on its face in light of the decision in Grimes. The Grimes decision is currently on appeal, and for good

2

reason as discussed below in further detail. In fact, several Judges in the Southern District of Florida have declined to dismiss cases based upon the constitutional argument in *Grimes* when such cases otherwise properly stated a cause of action under FACTA. As further discussed below, FACTA is constitutional and this Court is not bound by the non-precedential and erroneous decision in *Grimes*.

        B.      **This Court Recently Held That the Decision in *Grimes* was Incorrect.**

This Court recently held in *Smith v. Casino Ice Cream*, LLC, 2008 U.S. Dist. LEXIS 81550 (S.D. Fla. Oct. 9, 2008) that § 1981n(a)(1) is "neither vague nor violative of any due process for Defendant." This Honorable Court correctly refused to follow the decision in *Grimes* stating that "several factors counsel against this Court adopting the holding in *Grimes*."

The first issue that this Court found incorrect was the argument in *Grimes* that a sliding scale of damages was unconstitutionally void for vagueness because it does not instruct a jury on the proper manner of determining a damage award. On this issue, this Court correctly opined that:

> *"it is the role of the jury to arrive a compensatory damages calculation that will make a successful plaintiff whole. FACTA allows an award of either actual damages or statutory damages of $100 to $1,000 inclusive. The Court finds that a reasonable jury tasked with this responsibility will be able to affix the proper amount of damages. While Congress could have fixed a bottom amount and left the top amount for a plaintiff to prove at trial, it has instead given a statutory window within which the jury may fix the damages based on the evidence adduced at trial."*

The second issue of the *Grimes* decision that this Court refused to follow was the argument that the possibility of punitive damages violated the defendants' due process rights because it would punish the same conduct twice. This Court correctly found that no violation of any due process right occurs from the mere possibility of a punitive damage. This Court properly explained that this argument is not ripe, stating:

3

> *The Court cannot say, with no facts before it, that the mere possibility of punitive damages violates any due process right. Any such award will be reviewed for its accord with due process when the same is imposed.*

C.   **15. U.S.C. §1861n Is Not Void for Vagueness**

Defendant relies solely upon <u>Grimes</u> to argue that statutory damages of "not less than $100 and not more than $1,000" per willful violation is unconstitutionally vague because a jury could not apply it. This argument is belied by both the legal standard for unconstitutional vagueness and the experience of courts applying 15 U.S.C. §1681n.

"The traditional test for whether a statute or regulation is void on its face is if it is so vague that "persons of common intelligence must necessarily guess at its meaning and differ as to its application." <u>DA Mortgage v. City of Miami Beach</u>, 486 F.3d 1254, 1271 (11th Cir. 2007). Here, there is no need to guess at the meaning of the statutory damages provision. The statutory damages are to be a minimum of $100 per violation and a maximum of $1,000. Moreover, several other federal statutes have the same type of statutory damages provision (e.g. the Truth in Lending Act (TILA), 15 U.S.C. § 1640(a)(2)(A); the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(3)(B); the Indian Arts and Crafts Act, 25 U.S.C. §305e(a)(2); the Copyright Act, 17 U.S.C. § 504(c); the Anticounterfeiting Consumer Protection Act of 1996, 15 U.S.C. §1117(c); the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1117(d); and the Digital Millennium Copyright Act, 17 U.S.C. §1203(c)(3)).

In fact, many of the federal statutes enacting statutory damage provisions are in the area of privacy, including: Unauthorized disclosures of customers' bank records, *see* Right to Financial Privacy Act, 12 U.S.C. §3417(a)(1); Unauthorized inspection or disclosure of taxpayer returns or return information, 26 U.S.C. § 7431(c)(1)(A); Electronic eavesdropping and wiretapping, *see* Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2520(c)(2); Unauthorized disclosure of video rental consumer information, *see* Video Privacy Protection Act

4

of 1988, 18 U.S.C. § 2710(c)(2)(A); Failure to protect against unauthorized access to cable subscribers' and satellite television subscribers' personally identifiable information, 47 U.S.C. §551(f)(2)(A), 47 U.S.C. § 338(i)(7); Unauthorized disclosure by an electronic communication service of the content of e-mails or voice-mails, *see* Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2707(c); Illegal electronic surveillance done under color of law, 50 U.S.C. § 1810; Unauthorized disclosure of (or obtaining unauthorized access to) driver's license information, 18 U.S.C. § 2724(b)(1); and Unauthorized disclosure of financial records from state child support enforcement agencies, 42 U.S.C. § 669a(c)(3)(A).

Lastly, federal courts have applied 15 U.S.C. § 1681n(a)(1)(A) without trouble for decades.  15 U.S.C. § 1681n(a)(1)(A) is part of the Fair Credit Reporting Act, which was enacted in 1970 and has been applied by federal courts and juries for more than thirty years.  *See Nagle*.  Additionally, the Supreme Court reviewed 15 U.S.C. § 1681n last year in *Safeco v. Burr,* 127 S. Ct. 2201 (US 2007), and no concern was expressed as to its constitutionality.  The statute is simply not so vague that people must guess as to its meaning.

### D.  The Existence of Punitive Damages is Not Facially Unconstitutional

Defendant argues that the mere existence of punitive damages under 15 U.S.C. §1681n(a)(1)(B)(2) violates due process.  This argument is simply premature.  Defendant's argument is premised on the potential that an award of punitive damages would be so disproportionate as to violate due process.  The constitutional assessment of a punitive damages award should be made following the award, not at the pleading stage based upon conjecture by the defendant.  Moreover, other than *Grimes*, no other federal court has held that the existence of punitive damages under 15 U.S.C. §1681n(a)(1)(B)(2) is facially unconstitutional.

### E.  15 U.S.C. § 1681n Does Not Violate Constitutional Due Process

Defendant also solely relies upon *Grimes* to argue that 15 U.S.C. §1681n violates the Due Process Clause of the Fifth Amendment, by allowing for the recovery of statutory and punitive damages for willful violations of the Fair Credit Reporting Act.  The *Grimes* decision did not cite a single case to support its holding.  The contention that 15 U.S.C. §1681n violates the Due Process Clause is simply wrong.  Indeed, if the *Grimes* decision were correct, several federal statutes, including the Copyright Act, that contain similar statutory damages would be invalid.  Other than *Grimes*, the constitutionality of those statutes and 15 U.S.C. §1681n has never seriously been questioned by the numerous courts that have applied them, including the Supreme Court's recent review of 15 U.S.C. § 1681n in *Safeco*, in which the Court had no issue with the constitutionality of 15 U.S.C. § 1681n.

### F. *Grimes* is Unlikely to be Upheld

Based on the aforementioned recent decision of this Court in *Casino Ice Cream*, and the undersigned's recent review of the appellate briefs filed in *Grimes*, counsel for the Plaintiff believes that it is very unlikely that *Grimes* will be upheld by the Eleventh Circuit on appeal.  It would be prejudicial and fundamentally unfair to the Plaintiff to delay the instant proceedings pending the appellate ruling in *Grimes*, especially when you take into consideration that that this Honorable Court has already cast a shadow upon the constitutional attack on FACTA contained in *Grimes* and the unlikely prospects that *Grimes* will be upheld on appeal.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff submits that Defendant's Motion for Summary Judgment, or in the alternative, Motion to Stay Proceedings, should be denied in its entirety.

DATED:  October 30, 2008.

        Respectfully Submitted,

        MILITZOK & LEVY, P.A.
        *Attorneys for Plaintiffs*
        The Yankee Clipper Law Center
        3230 Stirling Road, Suite 1
        Hollywood, Florida 33021
        (954) 727-8570 – Telephone
        (954) 241-6857 – Facsimile
        mjm@mllawfl.com – E-mail


        By: /s/ Matthew J. Militzok
            MATTHEW J. MILITZOK, ESQ.
            Fla. Bar No.: 0153842

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 30, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM / ECF. I also hereby certify that a true and correct copy of the foregoing document is being served upon Bruce Baldwin, Esq., 80 SW 8th St Ste 2700 , Miami, FL 33130, via transmission of Notices of Electronic Filing generated by CM/ECF or other authorized manner if not authorized to receive Notices of Electronic Filing.


        By: /s/  Matthew J. Militzok
            MATTHEW J. MILITZOK, ESQ.

7